UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

THOMAS RIDGEWAY                                                                                        PLAINTIFF

v.                                                                           CIVIL ACTION NO. 5:12-CV-P177-R

MARSHALL COUNTY CIRCUIT COURT et al.                                               DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Thomas Ridgeway initiated this *pro se* civil-rights action by filing a complaint on his own paper. He neither paid the $350 filing fee nor filed a prisoner application to proceed without prepayment of fees. Accordingly, the Court entered an Order that within 30 days Plaintiff submit his complaint on a Court-approved complaint form and either pay the $350 filing fee or submit a prisoner application to proceed without prepayment of the fee. The Clerk of Court was directed to send to Plaintiff a Court-approved 42 U.S.C. § 1983 complaint form and a prisoner application to proceed without prepayment of the fee, both with this case number affixed thereto.

More than 30 days have passed since entry of that Order. Plaintiff has filed an amended complaint on the Court-approved form and a motion for appointment of counsel. However, he has neither paid the fee nor submitted his completed prisoner application to proceed without prepayment of the fee. Plaintiff was warned in the Court's previous Order that *failure to comply fully with the Order would result in dismissal of the action*.[1]

Upon filing the instant action, Plaintiff assumed the responsibility to actively litigate his claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the

---

[1] The Court notes that Plaintiff is not unfamiliar with filing requirements in this Court as he has filed 15 different actions since 2011.

plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Court's Order shows a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action. *See* FED. R. CIV. P. 41(b) (governing involuntary dismissal).

Date:


cc:     Plaintiff, *pro se*
4413.009